UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON KAMIYAMA, | ) | CASE NO. SA CV 05-00877 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

The Administrative Law Judge denied disability at step five of the familiar five-step process. Although he found that Plaintiff suffered from carpal tunnel syndrome in both wrists and tendinitis in his right elbow, factors which significantly limited Plaintiff's ability to work (and prevented him from returning to his prior work), the Administrative Law Judge ultimately adopted the testimony of the vocational expert that Plaintiff still could perform certain jobs requiring only a restricted range of light exertion.

**I.**

**INCOMPLETE HYPOTHETICAL QUESTION**

Plaintiff's first of several critiques of the underlying decision is that it rests upon the vocational expert's answer to a hypothetical question that allegedly omitted or muddled two of Plaintiff's limitations, as found by the Administrative Law Judge, relating

to lifting and manipulation. For the vocational expert's opinion to stand as substantial evidence in support of the decision, the hypothetical question to which she gave an answer must include all significant limitations. *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988).

### A.     Lifting

First, the Administrative Law Judge found, but did not include in the hypothetical question, that Plaintiff was limited to lifting and carrying twenty pounds occasionally with both hands and to only ten pounds occasionally with the right hand alone. *Compare* AR 17 *with* AR 405-06. Defendant does not dispute this error *per se*, *see* Def.'s Br. at 2, but contends it was harmless, because "the ALJ and VE discussed only jobs that were light and involved lifting and carrying less than ten pounds." *Id*. at 3. The Court agrees with Defendant. The available jobs that the vocational expert opined Plaintiff could perform, namely investigator and sporting-events usher, required "at most, occasional use of the hands and fingers, as well as reaching," and were considered "light," as opposed to sedentary, largely due to their requirements for standing and walking, not due to lifting or carrying. *See* AR 406-07. It is not reasonably likely that the vocational expert's opinion would have differed if the Administrative Law Judge's hypothetical question had not omitted the lifting and carrying restrictions that Plaintiff required.

### B.     Manipulation

Second, Plaintiff asserts that the Administrative Law Judge's hypothetical question was not consistent with his findings about Plaintiff's manipulation limitations. He found that Plaintiff –

> should not be required to perform forceful or frequent manipulation tasks with the upper extremities[,] such as power

|   |   |
|---|---|
| 1 | gripping, and he should not be required to perform repetitive |
| 2 | fine manipulation frequently, especially with the right hand. |

AR 17. His hypothetical question asked the vocational expert to assume a claimant who –

> has some limitation primarily because of his arms and hands. . . . [U]nder manipulation there would be a moderate decrease in fine manipulation and fine grasping and gripping, as well as pushing and pulling with the right hand. This hypothetical person has carpal tunnel syndrome in both hands. He's got pain in his elbows[,] primarily his right elbow with surgeries [on] it. He also has pain in both hands and wrists.

AR 405. Plaintiff asserts that this hypothetical omits any specific reference to the first half of the quoted finding, namely that Plaintiff should not have to perform "forceful or frequent manipulation tasks with the upper extremities[,] such as power gripping." Although the question is somewhat close, the Court cannot agree that the hypothetical is materially incomplete. The Administrative Law Judge took care to include, in the challenged question, the facts of Plaintiff's carpal tunnel syndrome and his bilateral pain in his elbows, wrists and hands, which conditions underlay the manipulation-related restrictions as found by the judge. The hypothetical included all significant limitations, albeit formulated in a different manner, and Plaintiff does not suggest or show that the suggested jobs of usher or investigator require someone "to perform forceful or frequent manipulation tasks with the upper extremities[,] such as power gripping." Any possible error was again harmless.

///
///
///

## II.

## CONFLICT BETWEEN EXPERT TESTIMONY
## AND THE DICTIONARY OF OCCUPATIONAL TITLES?

Second, Plaintiff briefly suggests that there *could* be a conflict between the vocational expert's opinion about jobs Plaintiff could perform, based on Plaintiff's restrictions and abilities, and what the Dictionary of Occupational Titles (DOT) would appear to allow him to perform. Plaintiff does not claim that such a conflict actually exists (or explain his view about any such conflict) but complains that the Administrative Law Judge neglected a regulatory duty to ask the expert whether such a conflict existed. The Court will not develop Plaintiff's argument for him. Absent any showing that the underlying decision erred substantively – that is, that a substantial question exists whether a person with Plaintiff's restrictions can perform the "DOT version" of the jobs of usher or investigator – the Court will not reverse or remand on Plaintiff's speculation that a conflict *might* exist.

## III.

## PLAINTIFF'S CREDIBILITY

Although the Administrative Law Judge credited Plaintiff's subjective complaints to a degree, he found Plaintiff less than *fully* credible, to the extent Plaintiff contended his upper-extremity pain was entirely disabling and in certain other respects. Plaintiff claims that this credibility finding was unsound. Generally, once a claimant has supplied objective medical evidence of a malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain – and how that pain affects the claimant's ability to work – only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient

to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994).

Here, the Administrative Law Judge supplied several reasons for discounting Plaintiff's subjective complaints. First, although Plaintiff asserted at the December 2004 administrative hearing that he had undergone another surgery to address pain, the judge noted that the record still contained no record of that surgery (which might have substantiated further Plaintiff's complaints of greater pain) – and the Court observes that Plaintiff never supplied any such records, nor even asserts to this Court that such records even exist.

Second, with respect to Plaintiff's complaints of high blood pressure and dry skin, the Administrative Law Judge correctly noted that the medical evidence "appears to suggest that these conditions are controlled with medications." AR 17. (Plaintiff does not dispute this second point but faults the opinion for mentioning diabetes, whereas Plaintiff never claimed to suffer from that particular affliction. Pl.'s Br. at 11.)

Third, Plaintiff's routine activities, although modest, included driving himself and "such ordinary light household chores as dusting and cooking without assistance." AR 18. Plaintiff quarrels with the "cooking" characterization, explaining that he had testified he "mostly heats things up" rather than cooking them in the usual sense, *see* Pl.'s Br. at 15, AR 88, 393, 396; and he notes that he testified to needing help with heavier chores, such as "cooking real meals, cleaning bathrooms and sinks" and dusting in "high places [and] tight spots." But even if these objections are fully credited, substantial evidence still supports the Administrative Law Judge's observation that Plaintiff's routine activities were consistent with an ability to do some "light" work. AR 18.

Fourth, the Administrative Law Judge noted that Plaintiff takes "only 1-2 Vicodin per day for his pain complaints, despite the record's [re]ference to the claimant's "very low pain threshold" [AR 18, 287]. It is not an unreasonable inference from these two items of information that Plaintiff was not suffering from disabling pain that was not reasonably controlled with medication, albeit strong prescription medication.

These reasons are specific, legitimate, and supported by substantial evidence in the record. Even if they could be interpreted in other ways more favorable to Plaintiff's claim, the credibility finding that they support satisfies the *Bunnell* standard and thus supplies no basis for reversal or remand.

## IV.
## LIGHT-WORK FINDING

Plaintiff's final argument is that substantial evidence does not support the finding that he is capable of even a limited (termed "substantial" in the opinion) range of light work. Upon inspection, however, Plaintiff actually appears to be asserting that, because his light-work abilities are somewhat reduced by the aforementioned limitations, he actually should be viewed as incapable of light work altogether. (He notes that, had the Administrative Law Judge instead found him capable of no more than sedentary work, the Grids would have directed a finding of disability.) The Court disagrees. For the reasons discussed above in reviewing the vocational expert's testimony, the expert's testimony was based on a materially complete hypothetical question and thus supplied substantial evidence that Plaintiff, even with his considerable limitations, could perform enough "light work" to serve as an usher or investigator.

## V.
## CONCLUSION

For the foregoing reasons, the underlying decision is affirmed.

DATED: January 17, 2007

*Ralph Zarefsky*

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE